## ICHABOD RUSSELL *et al. vs.* ASA W. BABCOCK.

An agreement to delay the collection of an execution against one is a sufficient consideration for a promise by another to pay the amount thereof.

Such promise, although not in writing, is not within the statute of frauds.

THIS was an action of *assumpsit*, declaring specially on a promise of the defendant to pay the debt of another upon the consideration of forbearance. The facts sufficiently appear in the opinion of the Court. The action was defaulted, which default was to

Russell *v.* Babcock.

be taken off, if in the opinion of the Court the action could be maintained.

The case was argued in writing by *Cutting*, for the defendant, and by *W. P. Fessenden*, for the plaintiffs.

*Cutting*, cited *Rob. on Frauds, Tit. Contracts; Skelton* v. *Brewster*, 8 *Johns. R.* 376; *Simpson* v. *Patten*, 4 *Johns. R.* 422; and *Slingerland* v. *Morse*, 7 *Johns. R.* 463.

*Fessenden*, cited *Roberts on Frauds*, 232; *Cabot* v. *Haskins*, 3 *Pick.* 93; *Lawes on Assumpsit*, 57; 1 *Saund.* 211, *a*; and *Elting* v. *Vanderlyn*, 4 *Johns. R.* 237.

After a continuance, for advisement, the opinion of the Court was drawn up by

EMERY J. — The defendant's counsel contends, that the undertaking of the defendant was collateral; and though it is somewhat difficult frequently to distinguish between an original and a collateral promise, yet he considers the rule to be, that where the original debt is not discharged by the subsequent promise, it is a collateral undertaking only, and to be binding, should be in writing.

In this case there was no note or memorandum in writing signed by the defendant. The suit is upon a promise of the defendant to pay the debt of another upon the consideration of forbearance, as set forth in the plaintiffs' declaration. The plaintiffs at *June* term, 1833, recovered *judgment* against one *Sprague* for $101,10 debt, and $22,10 costs, on which *execution* issued *June* 18, 1833, and it was fully proved by the attorney of the plaintiffs in the suit against *Sprague*, that about the time judgment was rendered in that suit, he met the defendant, who told him he was to pay it, and if the witness would keep the execution and not give it out, he would pay it. He subsequently repeated the promise. Confiding in the promise the attorney kept the execution and had never delivered it out. In *Sept.* 1833, the defendant said the amount was greater than *Sprague* had represented, but he would see *Sprague*, and have it settled immediately, and afterward said, three or four times, he would pay the whole; but in *Aug.* or *Sept.* 1834, before the suit, he said he would not pay the whole judgment. After this suit, he said he should lose nothing, as *Sprague* had made him secure, but had given him directions not to pay the whole. On this

state of facts, no one can regret to find, as we do, that the engagement of the defendant is to be deemed an original undertaking on consideration of forbearance, most liberally extended to pay the debt of *Sprague.*

Such a promise need not be in writing.

Actual damage, or a suspension or forbearance of right, or possibility of loss occasioned to one to whom the promise is made, constitute a sufficient consideration to give validity to the promise. It is not essential that any actual benefit should accrue to the party undertaking. 3 *Pick.* 93, *Cabot* v. *Haskins.*

*The default is to stand, and judgment must be for the plaintiff.*